IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDISS DONATO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 8222 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Candiss Donato's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment is granted in part and the Commissioner's cross-motion for summary judgment [Doc. No. 25] is denied.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. Procedural History

Plaintiff filed her applications for DIB and SSI in April 2011, alleging disability beginning in April 2009 due to tremors in her arms, severe neck and shoulder pain, back injury, inability to use her arms, and inability to carry or hold. (R. 380–94, 443.) Her application was denied initially and again upon reconsideration. (R. 148–83.) Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ") on August 16, 2012 and a supplemental hearing on March 28, 2013. (R. 81–147.) After the ALJ issued an unfavorable decision, Plaintiff requested Appeals Council review. (R. 184–206.) The Appeals Council remanded the case on May 19, 2014. (R. 207–10.) A new hearing was held on January 22, 2015. (R. 32–80.) Plaintiff was represented by counsel. (*Id.*) Additionally, a medical expert and a vocational expert each offered testimony. (*Id.*) On February 13, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 12–31.) The Appeals Council ("AC") denied review on June 20, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–4.)

### II. ALJ Decision

On June 15, 2015, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 12–31.) At step one, the ALJ determined that

2

Plaintiff had not engaged in substantial gainful activity since April 7, 2009, her alleged onset date and met the insured status requirements of the Act through December 31, 2014. (R. 17.) At step two, the ALJ found that Plaintiff suffered from severe impairments of degenerative disc disease of the cervical spine and lumbar spine, benign essential tremors, congestive heart failure/cardiomyopathy, and a fibromyalgia like disorder. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (R. 18.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to lift and/or carry ten pounds frequently and twenty pounds occasionally, stand and/or walk for four hours out of an eight-hour workday, and sit for six hours out of an eight-hour workday, subject to several limitations.[2] At step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as an inventory control clerk, as she performed the job, not as generally performed in the national economy. (R. 25.) Because of this determination, the ALJ found that Plaintiff is not disabled under the Act. (R. 25–26.)

---

[2] At this stage, the ALJ determined Plaintiff:
> can never climb ladders, ropes or scaffolds and only occasionally climb ramps or stairs. [Plaintiff] can occasionally balance, stoop, kneel, crouch and crawl. She can frequently finger with her upper extremities and must avoid even moderate exposure to vibration or work in high exposed places. She must avoid work with hazardous machines with moving mechanical parts and she requires the use of a cane for periods of ambulation or standing for longer than one hour.

(R. 19.)

3

**DISCUSSION**

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

IV.    **Judicial Review**

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex*

*rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

V.   Analysis

Plaintiff argues that the ALJ's decision should result in remand because she: (1) improperly weighed the medical opinion evidence; (2) failed to support her RFC determination with substantial evidence; (3) erred in her subjective symptom evaluation; and (4) made an improper step four finding.

A. RFC

Plaintiff argues that the ALJ's RFC determination that she can carry twenty pounds occasionally is unsupported by substantial evidence. *Pl.'s Br.* at 11.

A claimant's RFC is the most she can still do despite her limitations. See 20 C.F.R. § 404.1545(a)(1). When formulating a claimant's RFC, an ALJ must

6

incorporate all of a claimant's limitations which she finds are supported by the record, *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014), "even those that are non-severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009); see 20 C.F.R. § 404.1545(a)(1) ("We will assess your residual functional capacity based on all relevant evidence in your case record."); *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) ("[w]hen determining a claimant's RFC, the ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment.").

When formulating her RFC determination, the ALJ gave great weight to Plaintiff's treating physician, Dr. German Malaret, who opined that Plaintiff could, among other things, frequently lift up to ten pounds, occasionally lift up to twenty pounds, and occasionally carry up to ten pounds. (R. 21, 822.) The ALJ also adopted the opinions of the medical expert, Dr. Saj Nimmagadda, M.D., who testified at Plaintiff hearing. Dr. Nimmagadda limited Plaintiff to, among other things, occasionally lifting twenty pounds and frequently lifting ten pounds. (R. 61.) In her decision the ALJ mistakenly reported that Dr. Nimmagadda opined that Plaintiff could occasionally lift *and carry* twenty pounds. (R. 22.) She then translated that finding into her ultimate RFC determination.

As Plaintiff argues, here, the ALJ failed to point to any basis in the record which indicates that she can occasionally lift up to twenty pounds. The ALJ cannot rely on Dr. Malaret's opinion because she stated that Plaintiff could only occasionally lift up to ten pounds. Likewise, the ALJ cannot rely on the findings of

7

Dr. Nimmagadda because he failed to opine on Plaintiff's carrying ability altogether. Because the ALJ rejected the remainder of the medical opinions, the Court is unable to determine how the ALJ arrived at her conclusion that Plaintiff could occasionally carry up to twenty pounds.[3]

Moreover, the Court cannot say this error is harmless. At the hearing, the ALJ questioned a vocational expert, Richard Fisher, about the jobs that would be available in the national economy for a person with Plaintiff's same age, RFC, education, and relevant work history. During this conversation, the ALJ asked the vocational expert to consider whether an individual who could, among other things, lift and carry twenty pounds occasionally would be precluded from performing Plaintiff's past relevant work. (R. 68–69.) Based on this hypothetical, the expert opined that the individual could perform Plaintiff's past work as an inventory control clerk, but as she performed the work, not generally how it is performed in the national economy. (R. 70.) Although the vocational expert's conclusion supports the ALJ's ultimate disability determination, it was based on the ALJ's faulty hypothetical question which included a lesser restriction than those offered by any doctor the ALJ relied upon. Because the Court cannot determine what impact Plaintiff's ability to carry ten pounds occasionally (as opposed to twenty) would have on her ability to perform her past relevant work, or any other jobs in the national economy, we must remand for clarification. *See Hudson v. Astrue*, 8 C 3242, 2010

---

[3] The ALJ gave "little" weight to the opinions of the state agency medical consultants, Dr. James Madison, M.D., and Dr. Lenore Gonzalez, M.D., who both opined that Plaintiff could lift/carry up to twenty pounds. (R. 23.) While their findings are compatible with the ALJ's RFC determination, the ALJ did not point to them in support of her RFC determination and no post hoc explanation can be made at this point.

WL 335318, at *3 (N.D. Ill. 2010) (finding error where the ALJ departed from the hypothetical and the testimony of the vocational expert without explanation and provided a less restrictive manipulative limitation in his decision).

### B. Plaintiff's Remaining Arguments

Because remand is required the Court need not address Plaintiff's remaining arguments at this time. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is granted in part and the Commissioner's cross-motion for summary judgment [Doc. No. 25] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**             **ENTERED:**

**DATE:**    **June 11, 2018**             _____
                                                 **HON. MARIA VALDEZ**
                                                 **United States Magistrate Judge**